UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| PAUL JAY VANPORTFLIET and<br>ROBIN LU VANPORTFLIET,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE,<br>et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-1185<br><br>Honorable Robert Holmes Bell<br><br>**REPORT AND RECOMMENDATION** |

　　　　　This is purportedly a proceeding in admiralty brought by *pro se* plaintiffs against Wells Fargo Home Mortgage, the Kent County Clerk, and other defendants.  Plaintiffs initiated this action on November 7, 2011, by filing a document called "Complaint To Quiet Title" involving real property located in Walker, Michigan.  Although the allegations in the complaint are not always coherent, plaintiffs apparently seek to prevent defendant Wells Fargo Home Mortgage from foreclosing the mortgage on the subject real estate.  The only basis for federal jurisdiction alleged in the complaint is this court's admiralty or maritime jurisdiction.  (Compl. ¶ 1(i)).  As plaintiffs name three defendants that are residents of the State of Michigan (Kent County, Mary Hollinrake, and Trott & Trott, P.C.), the existence of a federal question is the only basis for this court's jurisdiction, as complete diversity of citizenship does not exist between the Michigan plaintiffs and all defendants.

After being served with process, defendants Wells Fargo Home Mortgage and Harold Atkins moved to dismiss the complaint for failure to state a claim upon which relief can be granted. (Motion, docket # 10). Defendants Kent County and Hollinrake moved for a more definite statement. On December 15, 2011, the court granted the motion for a more definite statement. The court found that, "Even accepting all factual allegations as true, and according plaintiff the liberality due to *pro se* litigants," there was "no allegation of any wrongdoing (or even any affirmative act or omission) by defendant Kent County or Mary Hollinrake, the County Clerk." (12/15/11 Order at 1, docket # 17, ID# 340). The court determined that plaintiffs' complaint "is completely devoid of any factual allegation that might lead to the plausible conclusion that either Kent County or Clerk Mary Hollinrake have violated plaintiff's federally protected rights." (*Id.* at 2) (*see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court ordered that "No later than January 4, 2012, plaintiff must file a first amended complaint complying with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. That is, the first amended complaint must contain a short and plain statement of the grounds for the court's jurisdiction and a short and plain factual statement of the claim against defendants Kent County and Hollinrake, showing that plaintiff is entitled to relief. The first amended complaint must allege *facts*, not legal conclusions." (Order at 2, ID# 341).

Within the time allowed, plaintiffs filed a document called "Memorandum To Correct Jurisdiction" (docket # 21) which the court accepted as an amended complaint. This document contains legal citations, but little in the way of factual content to support plaintiffs' claims. After the filing of the amended complaint, defendants Kent County and Mary Hollinrake (the County Clerk) moved to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be

granted. (Motion, docket # 24). Plaintiffs have submitted other documents to the court, but they are virtually incomprehensible and add no substance to the claims alleged in the original complaint.

**Applicable Standards**

A.  **Rule 12(b)(6) Standard**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Republic Bank & Trust Co. v. Bear*

*Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiffs] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010)(quoting *Twombly*, 550 U.S. at 570); *see Bartholomew v. Blevins*, 679 F.3d 497, 499 (6th Cir. 2012).

## Discussion

The federal district courts are courts of limited jurisdiction. In general, their authority to hear and decide cases is limited to cases arising under the federal Constitution or laws, 28 U.S.C. § 1331, or lawsuits between parties of diverse citizenship, involving at least $75,000 in controversy. 28 U.S.C. § 1332. As diversity jurisdiction does not exist in this case, plaintiffs must allege a claim arising under federal law in order to invoke the court's subject-matter jurisdiction.

Plaintiffs purport to proceed within this court's admiralty or maritime jurisdiction. Article III of the Constitution does indeed allow the federal courts to hear admiralty cases, and Congress has passed a statute authorizing the exercise of such jurisdiction. 28 U.S.C. § 1333. The issue in the present case is whether plaintiffs have stated a claim that falls within this court's admiralty and maritime jurisdiction. The Supreme Court has noted that the "fundamental interest giving rise to maritime jurisdiction is 'the protection of maritime commerce.'" *Sisson v. Ruby*, 497 U.S. 358, 364 (1990) (quoting *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982)). Therefore, in examining whether admiralty jurisdiction encompasses a particular claim, a federal court must initially determine whether the subject matter of the dispute is related to the business of

maritime commerce, such that it implicates the concerns underlying admiralty and maritime jurisdiction. *See Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 612 (1991).

It is patently clear that plaintiffs' lawsuit, which concerns foreclosure of a mortgage on a piece of real property, has nothing to do with the protection of maritime commerce. It is difficult to discern whether plaintiffs' claim arises in tort or contract. If it is a tort claim, the Supreme Court requires that a party invoking admiralty jurisdiction must satisfy conditions of both location and connection with maritime activity. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). A court applying the location test "must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." *Id.* Obviously, plaintiffs' complaint has nothing to do with the navigable waters of the United States or an injury caused by a vessel. In contract cases, the court asks whether the nature of the transaction was maritime. *Exxon Corp.*, 500 U.S. at 611.

> In order to be considered maritime, there must be a *direct and substantial link* between the contract and the operation of the *ship, its navigation, or its management afloat,* taking into account the needs of the shipping industry, for the very basis of the constitutional grant of admiralty jurisdiction was to ensure a national uniformity of approach to world shipping.

1 BENEDICT ON ADMIRALTY § 182 (2010) (emphasis added); *see Cary Marine, Inc. v. Motorvessel Papillon*, 872 F.2d 751, 754 (6th Cir. 1989) (Generally, admiralty jurisdiction extends only to "wholly maritime contracts."). Again, plaintiffs' complaint has nothing to do with commerce on the navigable waters of the United States.

By reason of the Ship Mortgage Act, 46 U.S.C. § 31325, the federal district courts have jurisdiction over civil actions, either *in persona* or *in rem*, for foreclosure of a lien on a "mortgaged vessel." *See The Thomas Barlum*, 293 U.S. 21 (1934). The federal maritime laws do

not, however, govern real estate mortgages. In the absence of diversity jurisdiction, disputes over real property must be adjudicated in the state courts.

Plaintiffs cite to the Admiralty Extension Act, 46 U.S.C. § 30101 (formerly 46 App. U.S.C. § 740), and are apparently again asserting that the phrase "even though the injury is done or consummated on land" extends admiralty jurisdiction to this case. ( docket # 19 at 2, ID# 356). Judge Janet T. Neff of this court flatly rejected plaintiffs' argument in her February 1, 2012 opinion and order in *Byron Acquisition, LLC v. VanPortfliet*, No. 1:11-cv-696 (W.D. Mich. Feb. 1, 2012): the state-court foreclosure lawsuit the VanPortfliets unreasonably removed to this court, which resulted in entry of a $1,760.00 judgment against them. Section 30101 still requires that the injury be "caused by a vessel on navigable waters." 46 U.S.C. § 30101(a). Because the controversy in this case is the foreclosure of a real estate mortgage, section 30101 has no bearing on this case.

Plaintiffs have not stated a claim for relief under this court's admiralty or maritime jurisdiction. Admiralty jurisdiction was created to provide a forum and a uniform body of law to adjudicate rights and liabilities relating to the trafficking of sea-faring vessels. *Insurance Co. v. Dunham*, 78 U.S. (Wall.) 1, 13 (1871). A real estate dispute governing property in Walker, Michigan, falls far outside admiralty law. I therefore conclude that plaintiffs' complaint fails to state a claim under the court's admiralty and maritime jurisdiction. This case should be dismissed, with the parties relegated to the state courts to adjudicate whatever state-law dispute they might have.[1]

---

[1] Defendants also argue that plaintiffs lack standing to pursue this claim, which belongs to the trustee in their bankruptcy proceedings. Although defendants are apparently correct in this assertion, it is not necessary for the court to reach the question of standing, as plaintiffs have not alleged the existence of any viable federal claim in admiralty.

**Recommended Disposition**

For the foregoing reasons, I recommend that the motion of defendants Howard I. Atkins and Wells Fargo Home Mortgage (docket # 10) and the motion of defendants Kent County and Mary Hollinrake (docket # 24) be granted, and that the complaint be dismissed for failure to state a federal claim upon which relief can be granted.


Dated:  August 23, 2012                    /s/  Joseph G. Scoville
                                           United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).